IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. DUMAS,                           :

    Plaintiff                               :

                                            :
    vs.                                     :     CIVIL NO. 1:CV-10-2152
                                            :

LISA ARNOLD, Clerk of Court, et al.,        :

    Defendants                              :


*M E M O R A N D U M*

## I. Introduction

Plaintiff, William J. Dumas, filed this civil action alleging, among other things, that he was wrongly detained past his release date. Each of the defendants has filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded by filing a motion to amend his complaint. For the following reasons, we will deny plaintiff leave to amend and will dismiss his complaint.

## II. Background

While inartfully pled, we glean from the four corners of the complaint that plaintiff believes he was improperly detained in SCI-Fayette beyond his release date. On July 7, 2005, in a trial before Judge Tylwalk, plaintiff was convicted of driving under the influence in Lebanon County, Pennsylvania. (Compl. ¶ 11.) On September 2, 2005, he was sentenced to a period of incarceration of one to two years, but Judge Tylwalk granted bail pending appeal of his sentence. (Compl. ¶¶ 11-12.)

On December 19, 2005, plaintiff was incarcerated at SCI-Fayette because of an unrelated matter in Dauphin County, Pennsylvania. (Compl. ¶ 13.) In January of

2007, he was to be transferred to a residential treatment center for the remainder of his sentence on the Dauphin County matter, but the transfer did not occur because of a court commitment received by SCI-Fayette, sent and completed by defendant Arnold, regarding plaintiff's convictions in Lebanon County.  (Compl. ¶¶14, 15, 32, 33.) Consequently, the bail that plaintiff posted in September was refunded.  (Compl. ¶20.) Plaintiff contends that he should have been released in January of 2007, and thus any additional time at SCI-Fayette violated the U.S. Constitution.

*III.    Discussion*

   *A.    Standard of Review*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  Public records may also be considered.  *Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993); *see also Sutton v. Royal Chevrolet-Oldsmobile-Pontiac-Buick, Inc.*, No. 03-cv-1825, 2004 WL 90071, at *3 n3 (E.D. Pa. Jan. 15, 2004).[1]  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167

---

[1] "Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies."  *Pension Benefit Guaranty Corp.*, 998 F.2d at 1197 (internal citations omitted).

L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. 1955 at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965).  Instead, this requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010)(citing *Phillips*, 515 F.3d at 234).  "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

> *B.   Discussion*

Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, alleging violations of the First, Fourth, Eighth, and Fourteenth Amendments.  Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1987); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

3

1. *Judge Tylwalk*

We will start by addressing the allegations against Judge Tylwalk.  Plaintiff's allegations against this defendant relate to actions and orders that occurred during his criminal proceedings before the judge.  As a member of the Pennsylvania judiciary, Judge Tylwalk has absolute immunity from suit unless "he has acted in the clear absence of all jurisdiction."  *Gallas v. Supreme Court of Pennyslvania,* 211 F.3d 760, 769 (3d Cir. 2000) *see also Corliss v. O'Brien*, 200 F.App'x 80 (3d Cir. 2006).  Judge Tylwalk clearly was acting within his jurisdiction to hear criminal cases as judge on the court of common pleas.  *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003); *see also* 18 Pa.C.S.A. § 102; 42 Pa.C.S.A. § 931.  Furthermore, while we normally must grant leave to amend, *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008), we need not do so if amendment would be futile.  Since Judge Tylwalk is protected by absolute judicial immunity, plaintiff cannot cure the defects in his complaint.  Thus, we will not give him an opportunity to amend.

We also find that plaintiff's claims against Judge Tylwalk are time barred.  For claims brought pursuant § 1983, federal courts must apply the statute of limitations for analogous state actions.  *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 457 n.9 (3d Cir. 1996).  Section 1983 claims are analogous to personal injury tort actions and are subject to the state statute of limitations governing such claims.  *287 Corporate Ctr. Assocs. v. Township of Bridgewater*, 101 F.3d 320, 323 (3d Cir. 1996).  The governing law here is Pennsylvania's two-year statute of limitations.  42 Pa.C.S.A. § 5524.  The statute begins to run when a plaintiff knew or should have known of the violation of his rights.  *Bougher v. Univ. Of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989).  A statute of limitations defense may be raised through a 12(b)(6) motion only if it is clear from the face of the complaint that the action would be time barred.  *Benak v. Alliance Capital*

*Mgmt., L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006).  Here, the final action taken by Judge Tylwalk occurred on January 25, 2007.  (Compl. ¶ 25.)  Plaintiff did not commence this action until October 16, 2010, over three years after he learned of Judge Tylwalk's actions.  Thus, his claims against the judge are also barred by the statute of limitations.

### 2. *Lisa Arnold*

Plaintiff claims that defendant Arnold prepared and sent the commitment form that resulted in his continued incarceration at SCI-Fayette.  He contends that this commitment was prepared without a court order to do so.  In addition, he also avers that defendant Arnold failed to docket a notice of appeal in January of 2007.  (Compl. ¶¶ 32-35.)

Quasi-judicial immunity protects individuals from civil liability who perform functions that are an integral part of the judicial process.  *Wicks v. Lycoming County*, No. 09-cv-1084, 2010 WL 456776, at *3 (M.D. Pa. Fed. 2, 2010)(Conner, J.).  This doctrine applies to court staff to prevent "the danger that disappointed litigants...will vent their wrath on clerks, court reporters, and other judicial adjuncts."  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *Ball v. Hartman*, No. 09-0844, 2010 WL 146319, at *6 (M.D. Pa. Jan. 11, 2010)(Kane, J.)(quoting *Kincaid* for same proposition); *Wicks*, 2010 WL 456776, at *3.

After a search of the public docket for plaintiff's criminal proceedings in Lebanon County, it is clear that the plaintiff was sentenced to a period of imprisonment on September 21, 2005.  (doc. 16, Ex. A.)  A court commitment form, DC-300B, is required whenever an inmate enters the custody of the Department of Corrections, and it is generated from the Common Pleas Criminal Court Case Management System.  42 Pa.C.S.A. § 9764(a).  This form, while it must be issued by the court of common pleas, does not require the signature of the sentencing judge.  *Evans v. Beard*, 639 F.Supp.2d

497, 499 n.3 (E.D. Pa. 2009)(citing *Boyd v. Pa. Dep't of Corr.,* 831 A.2d 779, 783 n.6 (Pa. Cmwlth. 2003). Defendant Arnold as the Lebanon County Clerk of Courts had the authority and was required to prepare and issue the commitment. Since she was acting as an extension of the court, she is protected from suit by quasi-judicial immunity.

Finally, plaintiff's claim that defendant Arnold failed to docket his appeal is without merit. A review of the public docket shows that defendant's appeal was filed on February 12, 2007. (doc. 16, Ex. A. at pg. 22.) Furthermore, even if the defendant failed to docket the appeal, this claim is timed barred since it occurred more than 3 years before the filing of this action. Thus, based on the preceding, we will dismiss the claims against defendant Arnold and not grant plaintiff leave to amend because any amendment would be futile.

3. *Brian Colemen and the Pennsylvania Department of Corrections*

We presume plaintiff included defendant Coleman in this action because of his position as superintendent of SCI-Fayette. However, since plaintiff failed to plead any facts indicating Coleman's involvement in any constitutional violation, we will dismiss him from the action,[2] and we will not grant leave to amend because any amendment would be futile.

Finally, the claims against the Department of Corrections will be dismissed since it is not a "person" within the meaning of section 1983. *Adams v. Hunsberger*, 262 F.App'x 478, 481 (3d Cir. 2008)(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989)).

---

[2] We also note that respondeat superior is not a basis for imposing liability under § 1983 against Coleman. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997). A defendant in a § 1983 action "must have *personal involvement* in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988)(emphasis added). Personal involvement can be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence...must be made with appropriate particularity." *Id.*

We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: May 9, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM J. DUMAS,                           :

    Plaintiff                                  :

                                                      :
    vs.                                          CIVIL NO. 1:CV-10-2152
                                                      :

LISA ARNOLD, Clerk of Court, et al.,    :

    Defendants                             :

*O R D E R*

AND NOW, this 9th day of May, 2011, upon consideration of the Defendants' motions to dismiss, and for the reasons set forth in the accompanying memorandum, it is ordered that:

    1. Defendants' motions to dismiss (docs. 8, 13, & 15) are granted.

    2. Plaintiff's motion to amend (doc. 21) is denied.

    3. The Clerk of Court shall close this file.

                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge